IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HOLLOW SPIRITS, LLC,**

    Plaintiff,

v.                                            Civ. No. 18-257 KK/JHR

**CORSON DISTILLING SYSTEMS, INC.,**

    Defendant.

### ORDER GRANTING RENEWED MOTION TO WITHDRAW AS ATTORNEY OF RECORD

**THIS MATTER** is before the Court on Defendant's counsel's Renewed Motion to Withdraw as Attorney of Record ("Motion") (Doc. 23), filed December 17, 2018. On January 10, 2019, the Court entered an Order setting a hearing on the Motion and requiring counsel of record and a corporate representative of Defendant Corson Distilling Systems Inc. to attend the hearing. (Docs. 28, 29.) The Court held a hearing on the Motion on January 11, 2019. Tonn Peterson, counsel of record for Defendant, appeared telephonically, and Plaintiff's counsel, Jesse Jacobus, III, appeared in person. In violation of the Court's Order Setting Motion Hearing, a corporate representative of Corson Distilling Systems, Inc., failed to appear.

The Local Rules of Civil Procedure for the District of New Mexico state that "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. "A motion to withdraw from representation of a corporation, partnership or business entity other than a natural person must include a notice that the corporation, partnership or business entity . . . can appear only with an attorney." D.N.M.LR-Civ. 83.8(c). "Absent entry of appearance by a new attorney, any filings made

1

by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed." *Id.*

On October 23, 2018, Perkins Coie LLP, through Mr. Peterson, filed a Motion to Withdraw as Attorney of Record. (Doc. 21.) In the October 23 motion, Mr. Peterson requested that the Court allow Perkins Coie to withdraw as counsel on behalf of Defendant and allow Defendant thirty days to retain alternate counsel. (*Id.* at 2.) As grounds for the motion, Mr. Peterson cited Defendant's substantial failure "to fulfill obligations to Perkins Coie LLP regarding the firm's services," which would "result in an unreasonable financial burden on the firm" if it were to continue representation. (*Id.* at 1.) He further stated that Defendant "has been apprised of and has consented to the filing of [the] motion," which was delivered to Defendant by e-mail and U.S. mail. (*Id.* at 2.)

On October 24, 2018, the Court entered an Order Denying Motion to Withdraw as Attorney of Record on the ground that granting the motion would place the corporate Defendant in *pro se* status in violation of Rule 83.7 of the United States District Court District of New Mexico Local Rules of Civil Procedure ("D.N.M.LR-Civ."). (Doc. 22.) The Court ordered that Defendant had thirty days to retain substitute counsel and that Perkins Coie could refile its motion in conjunction with a request for substitution of Defendant's newly retained counsel no later than 45 days from entry of the Court's Order. (*Id.*)

In the Motion presently before the Court, Mr. Peterson represented that Perkins Coie has repeatedly contacted Defendant to relay the Court's order and advise Defendant to seek substitute counsel. (Doc. 23 at 1.) At the hearing, Mr. Peterson again confirmed that he has made several attempts to contact Defendant by email and telephone to apprise Defendant of the Court's October 24, 2018 order, as well as the Order Setting Motion Hearing. Mr. Peterson also represented that he has mailed and emailed all pleadings and court orders to Defendant—with the mailings addressed to a physical address that he confirmed to be Defendant's business address of record on file with the Idaho State Attorney General and on Defendant's website. According to Mr. Peterson, Defendant's

representatives have not responded to any communications from Perkins Coie since approximately September 2018.

Having considered the Motion and Mr. Peterson's written and oral representations, and there being no objection from Plaintiff, the Court finds that the Motion is well taken, and good cause having been shown, shall be **GRANTED**.

Because a corporation is not permitted to appear *pro se*, Defendant must retain new counsel and cause its counsel to enter an appearance on its behalf no later than fourteen days from the entry of this Order. Defendant's failure to do so may result in default judgment or the imposition of other sanctions pursuant to D.N.M.LR-Civ. Rule 83.8(c).

**IT IS THEREFORE ORDERED** that Perkins Coie LLP is terminated as Defendant's Attorney of Record.

**IT IS FURTHER ORDERED THAT:**

(1) Defendant Corson Distilling Systems, Inc. shall have until January 25, 2019 to cause new counsel to enter an appearance on its behalf, and failure to do so could result in the imposition of sanctions up to and including entry of default judgment against Defendant;

(2) Defendant shall have an extension of time until January 30, 2019 to submit, through counsel, a response to Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 27), filed on January 7, 2019;

(3) A hearing on Defendant Corson Distilling System's Motion to Dismiss, or in the Alternative, Stay and Compel Arbitration ("Motion to Dismiss") (Doc. 6), filed April 2, 2018, and on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 27), is set for **Wednesday, February 6, 2019 at 10:00 AM** in the Hondo Courtroom at the Pete V. Domenici Courthouse, 333 Lomas Blvd N.W. Albuquerque, New Mexico. Counsel for Defendant and a corporate representative of Defendant are required to attend this hearing in person; and, failure to comply with this Order will result in the Court imposing

the sanction of denial of Defendant's Motion to Dismiss (Doc. 6) in its entirety without further notice.

(4) The Clerk of the Court shall send a copy of this order to Defendant Corson Distilling Systems, Inc. through its representatives <u>by email</u> to:

Tory@corsondistilling.com and Mary@corsondistilling.com;

and <u>by both regular and certified mail</u> to:

Corson Distilling Systems, Inc., 1524A Freedom Avenue, Caldwell, Idaho 83605.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**