IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HOLLOW SPIRITS, LLC,**

      Plaintiff,

v.                                                             Civ. No. 18-257 MV/JHR

**CORSON DISTILLING SYSTEMS,
INC.; TORY CORSON;
JOSH CORSON,**

      Defendants.

## ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY AND COMPEL ARBITRATION

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, or in the Alternative, Stay and Compel Arbitration (Doc. 6). On January 11, 2019, Magistrate Judge Kirtan Khalsa, then presiding over this Matter, entered an order allowing counsel for Defendant Corson Distilling Systems, Incorporated to withdraw as attorney of record. (Doc. 30.) The Court's January 11, 2019 order required, *inter alia*, (1) that Defendant Corson Distilling Systems, Incorporated cause new counsel to enter an appearance on its behalf by January 25, 2019, and (2) that Counsel for Corson Distilling Systems and a corporate representative of that entity appear in person on Wednesday, February 6, 2019, at 10:00 AM, for a hearing on Defendant Corson Distilling System's Motion to Dismiss, or in the Alternative, Stay and Compel Arbitration (Doc. 6). The Court cautioned Defendant Corson Distilling Systems, Incorporated that "failure to comply with this Order will result in the Court imposing the sanction of denial of Defendant's Motion to Dismiss (Doc. 6) in its entirety without further notice." (Doc. 30 at 2-3.) Corson Distilling Systems, Incorporated failed to comply with the Court's January 11, 2019 Order by

failing to cause counsel to enter an appearance on its behalf, and by failing to appear at the February 6, 2019, hearing.

Having failed to cause new counsel to appear on its behalf, Corson Distilling Systems, Incorporated is in violation of Rule 83.8(c) of the Local Rules of Civil Procedure. *See* D.N.M. LR-Civ. Rule 83.8(c) (providing that a corporation is not permitted to appear pro se, and absent entry of an appearance by a new attorney following former counsel's withdrawal, "any filings made by the corporation. . . may be stricken and default judgment or other sanctions imposed."). Based on this violation of Rule 83.8(c), and pursuant to the Court's inherent authority to impose sanctions for violations of Court orders, Corson Distilling System's Motion to Dismiss, or in the Alternative, Stay and Compel Arbitration (Doc. 6), is summarily **DENIED**. *See State Farm Fire & Cas. Co. U.S. ex rel Rigsby*, 137 S.Ct. 436, 445 (2016) (recognizing that "district courts have inherent power . . . to impose sanctions short of dismissal for violations of court orders.).

**IT IS THEREFORE HEREBY ORDERED** that as a sanction imposed for failure to comply with Rule 83.8(c), and failure to comply with the Court's January 11, 2019 Order, Defendant Corson Distilling System's Motion to Dismiss, or in the Alternative, Stay and Compel Arbitration (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

_____
MARTHA VAZQUEZ
UNITED STATED DISTRICT JUDGE