IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HOLLOW SPIRITS, LLC,**

      **Plaintiff,**

      **vs.**                                                   Civ. No. 18-257  MV/JFR

**CORSON DISTILLING SYSTEMS, INC.,**
**TORY CORSON, and JOHN CORSON,**

      **Defendants.**

## PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment, filed May 21, 2019.  Doc. 42.  Judge Vazquez issued an Order of Reference to the undersigned on June 10, 2019.  Doc. 43.

### I. Procedural Background

On February 12, 2018, Plaintiff filed a Complaint for Damages against Defendant Corson Distilling Systems, Inc., in State of New Mexico, County of Bernalillo, Second Judicial District Court.  Doc. 1-1.  Therein, Plaintiff alleged breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, fraud, violations of the Unfair Trade Practices Act, conversion, and unjust enrichment, all flowing from a Purchase Agreement entered into by the parties on April 21, 2017, and as amended on June 20, 2017.[1]  *Id.*, Doc. 6 at 1-2.  On March 16, 2018, Defendant Corson Distilling Systems, Inc., filed a Notice of Removal and removed the case to this Court on the basis of diversity jurisdiction.  Doc. 1.  On April 2, 2018, Defendant Corson Distilling Systems, Inc., filed a Motion to Dismiss or, in the Alternative, to Stay and

---

[1] "Under the Purchase Agreement, Hollow Spirits contracted for the purchase, delivery and installation of distilling equipment for use in Hollow Spirits' distillery."  Doc. 6 at 2.

Compel Arbitration.  Doc. 6.  On August 27, 2018, after the Motion to Dismiss was fully briefed, Magistrate Judge Kirtan Khalsa ordered supplemental briefing.[2]  Doc. 15.  On October 23, 2018, after supplemental briefing was completed, but before a ruling on Defendant's Motion to Dismiss,  Attorney Tom Petersen, counsel for Defendant Corson Distilling System, Inc., moved to withdraw.  Doc. 21.  Judge Khalsa initially denied the motion.  Doc. 22.  On December 17, 2018, Attorney Petersen renewed his motion to withdraw.  Doc. 23.  On January 11, 2019, Judge Khalsa granted the motion.  Doc. 30.  In her Order, Judge Khalsa explained that

> [b]ecause a corporation is not permitted to appear *pro se*, Defendant must retain new counsel and cause its counsel to enter an appearance on its behalf no later than fourteen days from the entry of this Order.  Defendant's failure to do so may result in default judgment or the imposition of other sanctions pursuant to D.N.M.LR-Civ. Rule 83.8(c).

*Id.* at 3.  The Order provided that Defendant Corson Distilling Systems, Inc., would have until January 25, 2019, to cause new counsel to enter an appearance on its behalf.  *Id.*

In the meantime, on December 21, 2018, and January 2, 2019, Plaintiff sought leave of the Court to amend its Complaint and add Tory Corson and Josh Corson, the owners and operators of Corson Distilling Systems, Inc., as Defendants.  Docs. 24 and 26.  On February 6, 2019, Judge Khalsa granted Plaintiff leave, and Plaintiff filed an Amended Complaint on the same date.  Docs. 33, 34.

On February 6, 2019, this case was reassigned to District Judge Martha Vazquez as the trial judge.  Doc. 35.  On February 13, 2019, Judge Vazquez entered an order denying Defendant's Motion to Dismiss.  Doc. 37.

---

[2] Judge Khalsa was presiding by consent of the parties.  Docs. 5, 8, 9.

On March 22, 2019, summonses were issued to Tory Corson and Josh Corson. They were returned executed on April 23, 2019. Docs. 39 and 40. The returned summonses indicated that their answers were due May 6, 2019. *Id.*

On May 1, 2019, this case was reassigned to Magistrate Judge John F. Robbenhaar as the pretrial judge. Doc. 41.

On May 21, 2019, Plaintiff filed a Motion for Default Judgment as to Defendants. Doc. 42. In support, Plaintiff states that Defendant Corson Distilling Systems, Inc., has not had new counsel enter appearance on its behalf pursuant to Judge Khalsa's January 22, 2019, Order. *Id.* at 2. Plaintiff further states that neither Tory Corson nor Josh Corson have filed any responsive pleading with the Court and have not had counsel enter appearance on their behalf. *Id.* at 2-3. Plaintiff, therefore, moves this Court for entry of default judgment against all Defendants. *Id.* at 3.

For the reasons discussed below, the Court finds that Plaintiff has not satisfied the requirements for obtaining default judgment, and accordingly recommends that the motion be denied without prejudice.

## II. Analysis

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In Re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (rejecting the notion that a plaintiff was entitled to default judgment, on the grounds that "the clerk had not entered default under Rule 55(a), a *prerequisite* for the entry of a default judgment under Rule 55(b)(1)" (emphasis added)); *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished table decision) ("Rule 55 mandates a two-step process for a party who seeks a default judgment in his

favor."). First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. *Williams*, 57 F.3d at *1 (quoting Fed. R. Civ. P. 55(a)). Once that has occurred, the clerk of the court will enter a default against the party that has failed to plead or otherwise defend. *Id.* After the default is established, and thus liability, the party wishing to obtain a default judgment may then apply for a judgment based on the default and must establish entitlement to the relief sought. *See In re Catt*, 368 F.3d at 793; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1995); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2nd Cir. 1995).

Under Fed. R. Civ. P. 55(b)(1), default judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been found in default for failure to appear. *See KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004). Thus, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir. 1985). Under Fed. R. Civ. P. 55(b)(2), the court may conduct hearings or make referrals when, to enter or effectuate default judgment, it needs to:

    (A)    conduct an accounting;
    (B)    determine the amount of damages;
    (C)    establish the truth of any allegation by evidence; or
    (D)    investigate any other matter.

Fed. R. Civ. P. 55(b)(2).  Here, Plaintiff has failed to provide any information in its Motion for Default Judgment regarding any amount sought, nor is there any supporting documentation provided.[3]  *See* Doc. 13.

That aside, Plaintiff has skipped the first step of the default proceeding and has not requested the clerk to enter a default against the Defendants.  Fed. R. Civ. P. 55(a).  Thus, having failed to establish default, Plaintiff is not entitled to default judgment.

### III.  Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Default Judgment be **DENIED WITHOUT PREJUDICE.**  It is further recommended that Plaintiff be granted leave to refile a motion for default judgment that the Court will reconsider if default is properly entered, and if any such refiled motion complies with the requirements of the federal rules of civil procedure and the local rules.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR
United States Magistrate Judge**

---

[3] It is suggested that counsel for Plaintiff review the applicable federal rules of civil procedure and this Court's local rules regarding the filing of motions.  *See* Fed. R. Civ. P. 7(b) (motion "must . . . state with particularity the grounds for seeking the order") and D.N.M.LR-Civ. 7.1(a) ("[a] motion must be in writing and state with particularity the grounds and the relief sought").