IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOLLOW SPIRITS, LLC,

   Plaintiff,

  vs.             Civ. No. 18cv257  MV/JFR

CORSON DISTILLING SYSTEMS, INC.,
TORY CORSON, and JOSH CORSON,

   Defendants.

## ORDER FOR SUPPLEMENTAL AFFIDAVIT

**THIS MATTER** is before the Court *sua sponte*, following its review of Plaintiff's First

Amended Complaint for Damages, filed February 6, 2019 (Doc. 34), the Affidavit of H. Jesse

Jacobus, III Pursuant to Fed. R. Civ. P. 55(a), filed August 12, 2019 (Doc. 47), and Plaintiff's

Motion for Entry of Default Judgment Against Defendants Tory Corson, Josh Corson and

Corson Distilling Systems, Inc., filed November 25, 2019 (Doc. 52).  The Court has a duty to

determine whether subject-matter jurisdiction exists *sua sponte*.  *See Tuck v. United Servs. Auto.*

*Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered Plaintiff's submissions,

the applicable law, and being otherwise fully advised in the premises, concludes that the First

Amended Complaint for Damages fails to allege the necessary facts to trigger diversity

jurisdiction because the citizenship of the Defendants Tory Corson and Josh Corson is not

alleged.

District courts have original jurisdiction of all civil actions where the amount in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States.  28 U.S.C. § 1332(a) (2018).  Jurisdiction under § 1332 requires

diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of an individual's residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the State indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Here, the Notice of Removal sufficiently established the diversity of citizenship between Hollow Spirits, LLC, and Corson Distilling Systems, Inc., to support the statutory diversity requirement at the time of removal.  However, when Plaintiff amended its Complaint and added Defendants Tory Corson and Josh Corson, Plaintiff failed to allege their citizenship.[1]  Plaintiff instead stated only that "[o]n information and belief, Defendants Tory Corson and Josh Corson are the owners and operators of Defendant Corson at all times relevant to the Amended Complaint."  Doc. 34 at 2.  This is insufficient for establishing citizenship or for establishing that complete diversity remains between the parties.  Moreover, "[i]f a non-diverse person is added to the complaint at any time prior to final judgment, the case must be remanded to state court."  *McPhail v. Deere & Co.,* 529 F.3d 947, 951 (10th Cir. 2008) (citing 28 U.S.C. § 1447(c)).

Accordingly, the Court will give Plaintiff an opportunity to file a supplemental affidavit to allege facts necessary to sustain diversity jurisdiction.  *See generally Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principle place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471

---

[1] On January 2, 2019, Plaintiff filed a Motion Requesting Leve to File Amended Complaint.  Doc. 26.  On February 6, 2019, the Court entered an Order granting Plaintiff leave to file its First Amended Complaint.  Doc.33.  On February  6, 2019, Plaintiff filed its First Amended Complaint.  Doc. 34.

(10th Cir. 1936) (permitting amendment after appeal to allege corporation's principle place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

   **IT IS THEREFORE ORDERED** that Plaintiff submit a supplemental affidavit to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, by no later than **Tuesday, February 11, 2020.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**